STATE, CHARLES SIEDLER ET AL., PROSECUTORS, v. BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF HUDSON.

1. The act entitled "An act to authorize the board of chosen freeholders in the counties of this state to lay out, open and improve a public road in each of the counties of the first class in this state," passed March 7th, 1883, (*Pamph. L.*, *p.* 65,) requires that separate tickets and ballot-boxes shall be used in voting for and against such public road.

2. The rule of construction applied is that a grant of power to tax for special purposes, given by the state to municipalities or counties, shall be construed with strictness.

On *certiorari* to the board of freeholders of the county of Hudson to review certain preambles and resolutions adopted by them April 19th, 1883, &c., return is made of their proceedings under an act of the legislature of New Jersey, entitled "An act to authorize the board of chosen freeholders in the counties of this state to lay out, open and improve a public road in each of the counties of the first class in this state," passed March 7th, 1883. *Pamph. L.*, *p.* 65.

Argued at June Term, 1883, before Justices SCUDDER, REED and MAGIE.

For the prosecutors, *W. Brinkerhoff.*

For the defendants, *J. H. Lippincott.*

The opinion of the court was delivered by

SCUDDER, J. Several important questions have been raised on the return to this writ, relating to the constitutionality of the act of March 7th, 1883, and of the act of February 7th, 1883, entitled "An act for the classification of counties of this state for all purposes of legislation in relation thereto;" also as to the legality of the delegation of power to the voters of the county, by which the act shall not confer authority to

operate under it by the board of chosen freeholders of any county until the same shall have been accepted by a majority of the votes cast as therein provided. An election has been held at the next regular annual election for members of the board of chosen freeholders in Hudson county, which is a county of the first class, according to the enumeration in the act of February 7th, 1883, and a statement of the result of the election shows that the act has been accepted by a majority of the votes cast at such election.

Upon this return the board of freeholders have acted and passed the preambles and resolutions in controversy. They recite the act, the election under it, the result and the power thereby conferred on the board to operate under said act and execute its provisions, and resolved that the board deem it advisable and for the best interest of the county of Hudson, to lay out, open, construct, improve and maintain a public road in that county, in accordance with the provisions of said act. By another resolution they appoint a committee of seven members of the board to be a standing committee under the name of "Committee on Public Road;" and by a further resolution, authorize, empower, and direct the committee to select one or more preliminary route or routes, location or locations of a public road in that county, to be submitted to the board for its consideration; to make surveys and maps; employ a competent engineer for that purpose, and if they deem it desirable, sit to hear, upon notice given, any suggestions which citizens may offer. The entire cost of this road may equal, but not exceed, the sum of $1,000,000.

The prosecutors, being citizens and tax-payers of the county of Hudson, have interposed this writ of *certiorari* at this stage of the proceedings and raise the objections above stated, with others, to the construction of the road and the imposition of its cost upon the tax-payers of the county.

We have been stopped at the beginning of our examination of the reasons which appeared to be the most serious and important, based on the constitutionality of the acts referred to as authorizing these proceedings, by the preliminary objection

that the voting at the election on which the power of the board of freeholders depends was contrary to the provisions of the twenty-sixth section of the act. The legislature have guarded the election at which the important question of the construction of this public road and the large expenditure of money involved shall be determined, with particulars intended to arrest the attention of the voters and to prevent the voting from being confused and gathered in with the names and tickets used in ordinary elections. In effect, they have provided that at the next annual election thereafter held for members of the board of chosen freeholders in the county, there shall be two elections held by the same judges of election, who shall act as in the general election. One shall be the general election of county officers; the other shall decide, under the twenty-sixth section, whether there shall be a public road or not. The terms of the act provide "that the mode of voting shall be 'for public road' or 'against public road;' that the board of chosen freeholders shall cause notice to be given of the election at which such vote shall be taken in at least six newspapers printed in the county where such vote is to be taken, for at least once a week for four successive weeks before such election, and shall provide tickets to be voted 'for' and 'against' such public road, and suitable boxes to receive such ballots; the same judges of election shall act as in the general election, and the result of the votes cast 'for' and 'against' the public road shall be canvassed and returned separately from the general election returns, but in the same manner, and the boxes and statements shall be filed with the clerk of the county." Here are the particulars of a special election, with distinct ballots and boxes to be provided by the board of freeholders, separate canvass and return. And these boxes, including the ballots and statements, are to be filed with the clerk as evidence of an exact compliance with the statute. The evident purpose of these provisions of the statute is that the voters shall vote knowingly on this important matter, involving the expenditure of a large sum of money, and for this purpose the board of freeholders are

charged with the duty of putting in their hands ballots which will not mislead or deceive them.

The rule of interpretation to be applied to such acts is, that in the construction of any grant of the power to tax, made by the state to one of its municipalities or to counties, for special purposes, it shall be with strictness. The mischief of a strict construction is easily obviated by the legislature, but the wrong done by a liberal construction may be irremediable before it can be reached. *Cooley on Taxation* 209, and cases in notes.

It is admitted in the state of the case agreed upon by the counsel, that the ballots " for public road " and " against public road " were printed on the same tickets with municipal and county officers, and deposited in the same ballot-boxes at the election held on April 10th, 1883, when this question was submitted to the voters of the county of Hudson. This, we hold, was not a compliance with the requirements of the statute, and conferred no power on the board of freeholders to pass the resolutions returned with the writ, and proceed with the construction of the road. For this reason, without expressing any opinion on the other points raised and discussed, these resolutions, and all proceedings under them, are vacated, with costs.